# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>AZIZ SADIQ,<br><br>  Defendant. | Case No. 95-cr-40030-JPG-001 |

## **MEMORANDUM AND ORDER**

      This matter comes before the Court on defendant Aziz Sadiq's *pro se* motion for early termination of supervised release (Doc. 219). On August 22, 1996, the Court sentenced Sadiq to a 336-month term of imprisonment, followed by a term of supervised release, and a $10,000 fine (Doc. 133). The Court reduced Sadiq's sentence of imprisonment to 272 months following retroactive amendments to the United States Sentencing Guidelines Manual (Doc. 189). He completed this term of imprisonment and began serving his term of supervised release on February 1, 2016. On March 21, 2018, the Court revoked Sadiq's term of supervised release and sentenced him to serve an eight-month term of imprisonment, followed by a three-year term of supervised release (Doc. 211). Sadiq completed that term of imprisonment and began serving his second term of supervised release on November 7, 2018. After having served approximately fifteen months of his current supervised release term, he now asks the Court to reduce that term to essentially a "time served" term under the authority of 18 U.S.C. § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c).

      After considering the relevant factors listed in 18 U.S.C. § 3553(a), the Court may terminate a defendant's term of supervised release and discharge the defendant from that term at any time after he has served one year of the term. 18 U.S.C. § 3583(e)(1). The Court may do

this if it is satisfied that the early termination is warranted by the defendant's conduct and the interest of justice. *Id.* It is encouraged to use this authority in appropriate cases and to consider that the prospect of early termination may be an incentive for the defendant to comply with his conditions of supervised release, thus reducing risk to the public. U.S.S.G. § 5D1.2 n. 5. The Court may also consider that the defendant was unable to benefit from an otherwise authorized sentence reduction because he had already served more time than the allowed reduced sentence. U.S.S.G. § 1B1.10 n. 7(B). Ultimately, the Court has discretion in deciding whether to terminate supervised release early, and the judge's decision will be reversed if the judge makes a serious error of judgment such as, for example, failing to consider an essential factor. *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011). No hearing is required for this request for early termination because (1) the relief sought is favorable to Sadiq and would not extend his term of supervised release and (2) the Government has notice of Sadiq's request and has had an opportunity to object. Fed. R. Crim. P. 32.1(c).

Sadiq urges the Court to terminate his supervised release after only fifteen months because he has had no dirty urinalyses while in a half-way house or on supervised release, has not missed any payments toward his fine, and has not violated his conditions of supervised release. He believes that the period of supervised release he has served so far has achieved the aims of supervised release and that any continuation would amount to punishment, not one of the goals of supervised release. Sadiq further raises the fact that he was sentenced before several Supreme Court cases that might have benefitted him: *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). He also suggests that he is committed to living the rest of his life crime-free, is not a safety risk to the public, and is not likely to recidivate.

Probation has informed the Court that it was necessary to verbally reprimand Sadiq twice in April 2019 about providing the Probation Office with prior notification when Sadiq would be relocating to a new address. Sadiq was required to attend a workshop regarding his behavior and his failure to comply with supervision conditions. Probation also reported that in December 2019, after Sadiq was stopped for a traffic violation, he failed to report to the Probation Office information about the car he had been driving. Additionally, Probation reported that Sadiq has an outstanding balance of $7,820 on his $10,000 fine but that he has made regular monthly payments of $50 during his current term of supervised release. Based on the foregoing, Probation is of the opinion that Sadiq is not in compliance with the conditions of his supervised release.

The Court has considered the relevant factors in 18 U.S.C. § 3553(a) as well as the outstanding balance due on Sadiq's fine and his current state of non-compliance with the conditions of his supervised release—based on his lack of forthrightness about his residence and the vehicle he was operating. This lack of compliance suggests further supervision is warranted until Sadiq appreciates the importance of complying with his conditions of supervised release and of the role those conditions play in deterring further criminal conduct, protecting the public from his potential criminal conduct, and allowing Probation to more easily assist him with his reentry into society that he may need now or in the future. While the Court believes Sadiq is firmly committed now to living a crime-free life—and he has taken concrete steps to build the community and family support that will be necessary to do this—the Court also believes the assistance and advice of Probation for a period longer than fifteen months is advisable in light of the fact that Sadiq has been incarcerated for the vast majority of the past twenty-five years. Successful reentry on a long-term basis may require more than a mere fifteen months of

adjustment.  The Court is further mindful that keeping Sadiq on supervised release for another year with the possibility of early termination at that time would serve as an incentive to further pay the substantial fine he still owes.  Finally, the Court is also aware that, if sentenced today for the crimes he committed in the 1990s, Sadiq would likely receive a lower sentence due to changes in the law and the sentencing guidelines.  The Court is prepared to consider this should Sadiq reapply for early termination next year.

For the foregoing reasons, the Court finds that early termination is not warranted by Sadiq's conduct or the interest of justice at this time.  Accordingly, the Court **DENIES without prejudice** Sadiq's *pro se* motion for early termination of supervised release (Doc. 219).

**IT IS SO ORDERED.**
**DATED:   January 30, 2020**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**